CONNER *v.* WINTON.

CONNER
v.
WINTON.

| 7 | 523 |
| 145 | 529 |

Action by *A.* against *B.*, to recover a sum of money deposited by *A.* with *B.*, which *B.* refused to deliver on demand. *B.* alleged, by way of counter-claim, that *A.* had falsely charged him with stealing the money deposited, whereby he had sustained damages, &c. *Held*, that a demurrer to this paragraph was correctly sustained.

A counter-claim, in actions *ex contractu*, is that which might have arisen out of, or could have had some connection with the original transaction, in view of the parties, and which, at the time the contract was made, they could have intended might, in some event, give one party a claim against the other for compliance or non-compliance with its provisions.

APPEAL from the *Wabash* Circuit Court.

*Thursday,
June 5.*

GOOKINS, J. — *Winton* deposited a sum of money with *Conner*, who, on demand, refused to deliver it. This action was brought to recover the deposit.

The defendant alleged, by way of counter-claim, that the plaintiff had falsely charged him with stealing the money deposited, whereby he had sustained damages to the amount of 2,000 dollars. The Circuit Court sustained a demurrer to this part of the answer, and, on other issues, the plaintiff had judgment.

Section 59, 2 R. S., p. 41, defines a counter-claim to be any matter arising out of or connected with the cause of action, which might be the subject of an action in favor of the defendant, or which would tend to reduce the plaintiff's claim or demand for damages.

The question is, what is the legal effect of the words "arising out of or connected with?" Do they refer to those matters which have an immediate connection with the transaction, or do they include, also, those which have a remote relation to it, by a chain of circumstances which were not had in view in its inception? Suppose *Conner* had beaten *Winton* for uttering the slander, could *Winton* have replied the damages occasioned by the battery to those resulting from the slander, and could the parties have settled all their quarrels in the action to recover the money? We do not think the statute contemplates any such practice. A counter-claim is that which might have

May Term,
1856.

arisen out of, or could have had some connection with the original transaction, in view of the parties, and which, at the time the contract was made, they could have intended might, in some event, give one party a claim against the other for compliance or non-compliance with its provisions. We refer, in this connection, of course, to actions *ex contractu* only. About actions for tort, it is not necessary to say anything at present.

There is another answer to the appellant's position. If the words published by *Winton* were so connected with the transaction as to show that they were spoken concerning a deposit of money, they contained no slander. If they were so disconnected from it as to be actionable, they were an independent tort, which the appellant very properly admits could not be pleaded as a counter-claim to an action founded upon contract.

*Per Curiam.*—The judgment is affirmed, with 5 per cent. damages and costs.

*H. P. Biddle* and *B. W. Peters*, for the appellant.

*S. Yandes*, for the appellee.