LOVEJOY *v.* ROBINSON.

A counter-claim, as defined by our statute, is any matter arising out of, or connected with, the cause of action, which might be the subject of an action in favor of the defendant, or which would tend to reduce the plaintiff's claim or demand for damages.

In construing a statute, effect is to be given to every part, and it is not to be presumed that words have been used which were intended to import nothing.

Our statutory definitions of sett-off and counter-claim differ materially: the terms are not used synonymously; nor is is either included in the other.

A set-off being a separate and independent indebtedness, could not be had in view, in the transaction out of which the cause of action may have arisen, and it is not, therefore, within the definition of counter-claim.

Trespasses cannot be made to compensate each other by any form of pleading.

The fact that one trespass may be consequent upon another, does not so connect them that they may be blended in the same action.

*Quære,* whether a counter-claim can arise in any case unconnected with contract.

APPEAL from the *Decatur* Court of Common Pleas.

GOOKINS, J.—*Lovejoy* brought an action before a justice of the peace against *Robinson,* alleging that the defendant's cattle had broken his close and destroyed his crops. On appeal to the Common Pleas, there was a trial by jury, verdict, and judgment for the plaintiff for five dollars, from which he appeals to this Court.

On the trial the plaintiff gave evidence tending to prove that the defendant's cattle had broken into his field and injured his crops to the amount of 75 dollars. The defendant, against the plaintiff's objection, was permitted to prove that the plaintiff, in driving the cattle from the field, injured them by beating, &c., to the amount of 70 dollars. Having been requested to find the facts specially, the jury returned the following verdict, viz.: "We, the jury, find the following special facts—1. Defendant's stock broke into the plaintiff's enclosure. 2. Plaintiff was damaged 75 dollars by said stock. 3. Defendant's stock was damaged by plaintiff while on his premises. 4. Defendant was damaged by

plaintiff's abusing his stock, the amount of 70 dollars. 5. The fence between plaintiff and defendant was a good fence. We, the jury, find for the plaintiff, and assess his damages at five dollars, being the difference between the special finding for plaintiff and defendant."

On this verdict the plaintiff moved for judgment against the defendant for 75 dollars and costs. The Court overruled the motion, and rendered judgment in his favor for five dollars, and against him for the costs which accrued on the appeal. A motion for a new trial was made and overruled. To all these rulings against him the plaintiff duly excepted.

The several exceptions contained in this record involve but a single inquiry, viz., What is a counter-claim?

A counter-claim is any matter arising out of, or connected with, the cause of action, which might be the subject of an action in favor of the defendant, or which would tend to reduce the plaintiff's claim or demand for damages. 2 R. S. p. 41, s. 59.

In the case of *Morford* v. *Woodworth*, 7 Ind. R. 83, a counter-claim was set up in an action for tort; but it was not resisted, and we had no occasion to define it.

In *Conner* v. *Winton*, 7 Ind. R. 523, which was an action upon contract, we defined a counter-claim, in that class of actions, to be, that which might have arisen out of, or could have had some connection with, the original transaction, in view of the parties; and which, at the time the contract was made, they could have intended might, in some event, give one party a claim against the other, for compliance or non-compliance with its provisions (1).

That was an action to recover a deposit of money, in which the defendant attempted to set off damages resulting from verbal slander concerning the deposit.

The definition of counter-claim above given, is more restricted than has been given to the same term used in the *New York* code of practice, by the courts of that

State. Van Santv. Pl. 544, *et seq.* Counter-claim is there understood to include a set-off. *Id.* 551.

In construing a statute, effect is to be given to every part, and we are not to suppose words had been used which were intended to import nothing. Our statute distinctly and separately defines set-off and counter-claim, and the two definitions differ materially. 2 R. S. p. 39, ss. 56, 57, 58, 59, 60, 61. In none of these sections are they used as synonymous, nor as being included one within the other. A set-off being a separate and independent indebtedness, could not be had in view in the transaction out of which the cause of action may have arisen, and is not, therefore, within the definition of counter-claim.

Applying the same rule to actions of tort, we hold that trespasses cannot be made to compensate each other by any form of pleading. The fact that one may be consequent upon the other, does not so connect them as that they may be blended in the same action. The injury done by the plaintiff to the defendant's animals, was consequent upon their trespass upon his close, and so was the slander uttered by *Winton* consequent upon the deposit he had made of his money with *Conner*, but they had no connection with each other, in the sense of this statute. We do not say that a counter-claim may not arise in any case unconnected with contract, though no such case now occurs to us. Were it not that in the action to recover possession of real estate, in which damages for mesne profits may also be recovered, the statute expressly allows a recovery for improvements under the name of set-off, (2 R. S. p. 168, s. 609), that might be a case in which a counter-claim would be allowed; but as to this, we decide nothing. For the present we merely hold that trespasses cannot be set off against each other.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded with instructions to the Court below to render judgment on the verdict in favor of the plaintiff for 75 dollars and costs.

Vol. VIII.—26

Nov. Term,
1856.

*J. Gavin* and *J. R. Coverdill*, for the appellant.

*J. S. Scobey* and *W. Cumback*, for the appellee.

(1) This is substantially the definition of a recoupment. *Doremus* v. *Bond*, 8 Blackf 368.—*Epperly* v. *Bailey*, 3 Ind. R. 72. See, also, 22 Wend. 155; 3 Hill, N. Y. 171, 174; 5 *id.* 63, 71, 76. As to the distinction between recoupment and set-off, see 3 *id.* 171.