*J. N. Sims,* for appellant.

*L. McClurg,* for appellee.

---

### STILWELL and Another *v.* CHAPPELL.

VENDOR AND PURCHASER.—*Incumbrance.*—*Recoupment.*—In a suit by the assignee against the maker of a promissory note given as the last payment on certain real estate conveyed by warranty deed, the purchaser who had paid all the consideration money except the note in suit, was properly allowed to recoup an amount which he had been compelled to pay to discharge an incumbrance not excepted from the warranty, being a note secured by mortgage on said real estate, other notes secured by the same mortgage being so excepted in the deed.

PRACTICE.— *Withdrawal of Submission for Trial.*—Erronously permitting the submission of a cause to the court for trial to be withdrawn, after all the evidence has been heard and before finding, is not a good cause for setting aside a trial had at a subsequent term.

SAME.—*Assignment of Errors.*—Where the overruling of a motion for a new trial is not assigned as error, questions which should be included in such a motion will not be considered by this court on appeal.

APPEAL from the Madison Circuit Court.

RAY, C. J.—This was an action by appellants upon a note executed by the appellee to one Loyd Brown for nine hundred dollars, and assigned to appellants. The appellee answered, that the note was given as the last payment on certain real estate sold by said Brown to the appellee; that all the consideration money for such sale had been paid except this note, and that said property had been sold subject

only to certain liens, which are set out, and that a warranty deed had been executed conveying the property to the appellee; that, subsequently, the appellee had discovered that another incumbrance upon the said real estate existed, being a note for seven hundred and fifty dollars, payable seven years from date, with interest payable yearly, which was not excepted from the warranty, and he had been compelled to pay the same off, with the interest and costs amounting to the sum of one thousand dollars, which he asked to recoup against the note in suit. The answer contained a copy of the deed, by which it appeared that the incumbrance referred to was not included in the liens described in the conveyance. A demurrer was overruled to this answer, and this ruling is assigned for error.

We can see no defect in the answer, nor do the appellants point out any, beyond the claim they make that this note of seven hundred and fifty dollars was excepted in the deed from the covenant of warranty. No such note, however, is described in the conveyance, and the answer expressly avers that all the notes therein mentioned had been paid off by the appellee, and that the note described in the answer was another note, although included in the same mortgage with two notes described in the deed. The demurrer was properly overruled.

It is also assigned as error, that after the cause had been submitted to the court for trial, at the April term, 1866, and all the evidence had been heard, the court allowed the appellee, upon affidavit of surprise, to withdraw the submission, and granted a continuance to the next term of the court, when a trial was had, from the result of which trial this appeal is taken. If the action of the court was erroneous in permitting the submission to be withdrawn, still we cannot see how it can avail the appellant. If it is a good cause for setting aside a subsequent trial, it would be equally good for disregarding all subsequent trials, and the litigation would have no end. The submission being withdrawn,

prevented any result being reached upon that submission from which an appeal could be taken.

There are a number of questions argued in the brief by appellants' counsel, but as they all should be included in a motion for a new trial, and no error is assigned upon the action of the court in overruling such a motion, we cannot consider them, without a disregard of the law.

The judgment is affirmed, with costs.

*W. R. Pierse* and *H. D. Thompson*, for appellants.

*J. Davis* and *J. W. Sansberry*, for appellee.