Grimes v. Duzan.

*R. H. Milroy* and *J. H. Gould*, for appellant.

---◇---

## GRIMES v. DUZAN.

PRACTICE.—*Special Finding*.—Where, on the trial of a cause by the court, it finds generally, and, at the request of one of the parties finds the facts, without stating any conclusion of law thereon, an exception cannot be taken, under section 341 of the code, to the *finding*.

PLEADING.—*Counter Claim*.—Complaint to set aside a conveyance of land made by the plaintiff to the defendant, for an alleged fraud. Answer, by way of cross complaint, alleging, that the defendant was the owner in fee simple, and entitled to the possession, of said land; that he purchased it in good faith and for a valuable consideration of the plaintiff, who still held possession thereof without right and for one year last past had unlawfully kept the defendant out of possession; and that plaintiff falsely claimed and

Grimes v. Duzan.

pretended that the defendant had acquired the title to the land by unfair means. Prayer for a decree quieting defendant's title and for possession.

*Held*, on demurrer, that the cause of action set up in the answer was within the definition of a counter claim in the code.

APPEAL from the Wabash Circuit Court.

GREGORY, J.—The appellant filed his complaint in the court below, against the appellee, to set aside a conveyance made by the former to the latter, of lands situate in Wabash county, for an alleged fraud. The defendant, in addition to the general denial, answered, by way of cross complaint, that he is the owner in fee simple and entitled to the possession of the tract of land described in the plaintiff's complaint, describing it; that the defendant purchased it in good faith and for a valuable consideration of the plaintiff; that the plaintiff now holds possession thereof without right, and for one year last past has unlawfully kept the defendant out of possession; that the plaintiff falsely claims and pretends that the defendant acquired the title to the land by unfair means. Prayer for a decree quieting defendant's title and for possession.

The plaintiff demurred to this cross complaint. The court overruled the demurrer, and this presents the only question in the case.

There is an attempt to raise a question on the finding of the court. The court found a general verdict for the defendant, and at the request of the plaintiff found the facts, but without stating any conclusion of law thereon. The plaintiff excepted to the finding. This is not the mode pointed out by the code. 2 G. & H. 207, sec. 341.

The exception must be taken to the conclusion of law upon the facts found, and not to the finding.

It is claimed, that the cause of action set up in the defendant's answer is not a proper subject for a cross complaint or counter claim under the code. It is a matter connected with the cause of action which might be the subject of an action in favor of the defendant, and, therefore, within the definition of a counter claim in the code.

The deed of conveyance sought to be set aside for fraud by the plaintiff is the same deed of conveyance under which the defendant claims that he is entitled to the possession of the land. The fraud complained of by the plaintiff is the cloud on the defendant's title which the latter is seeking in his cross complaint to remove by a decree. The court below committed no error in overruling the demurrer.

Judgment affirmed, with costs.

*J. U. Pettit* and *T. T. Weir*, for appellant.

*J. D. Conner*, for appellee.