## BEESON ET AL. *v.* HOWARD.

CONSIDERATION.—*Written Promise to Pay Money.*—A written promise to pay money implies a consideration; and if there was none, it is for the promisor to plead and prove a want of consideration.

PLEADING.—*Abatement.—Verification.*—A plea in abatement is bad, if not sworn to.

SAME.—*Answer.—Bankruptcy of Plaintiff.*—In an action on a written obligation to pay money, an answer that the plaintiff had been declared a bankrupt and discharged as such, and that the indebtedness for which the obligation was given accrued to the plaintiff before his petition in bankruptcy was filed,

and that the indebtedness was not contained in the inventory and schedule filed by the plaintiff, is bad, where the obligation sued on was given after the bankruptcy.

SAME.—An answer purporting to be in bar of the entire action is bad, if it only answers a part.

JUDGMENT.—*Form of.*—Where no objection is made to the form of a judgment in the court below, such objection cannot be made in the Supreme Court.

PRACTICE.—*Motion for New Trial.*—That the court erred in its ruling upon demurrers, or in the form of the judgment, are not reasons for a new trial.

From the Madison Common Pleas.

*M. S. Robinson* and *J. W. Lovett,* for appellants.

*W. R. Pierse* and *H. D. Thompson,* for appellee.

PETTIT, J.—This suit was brought by the appellee against the appellants on the following bond, with proper averments that the notes were due and had not been paid, demanding judgment, etc. :

" Know all men by these presents, that we, Benjamin F. Beeson and Tremilius Beeson are held and firmly bound unto John A. Howard in the sum of six hundred and sixty-six dollars and sixty-six cents, for one note of hand bearing date Dec. 22d, A. D. 1870, executed and signed by Benjamin F. Beeson, payable to John A. Howard, due January 1st, 1873, bearing eight per cent. interest from date until paid ; also, for one note dated December 22d, 1870, due September 1st, 1872, payable to John A. Howard, for the sum of six hundred and sixty-six dollars and sixty-six cents, with eight per cent. interest from date until paid, executed and signed by Benjamin F. Beeson ; for which amount of said notes, being one thousand three hundred and thirty-three dollars and thirty-three and one-third cents, with interest from the execution of said notes, at the rate of eight per cent. per annum, we acknowledge ourselves bound for the payment of said notes, as they severally are to become due, less any amount that said Benjamin F. Beeson may lawfully satisfy Cornelius Quick, John W. Smithson, and John L. Lane, who were selected by the parties to arbitrate a settlement formerly made between said parties, for which the notes

above described were executed on former settlement, bearing even date of said notes, February 27th, 1872.

" BENJAMIN F. BEESON,<br>
" TREMILIUS BEESON."

Copies of the notes described in the bond were also made parts of the complaint and filed with it, but this was improperly done, as the suit was on the bond and not on the notes. Certain portions of the complaint were on motion stricken out, but we need not further notice this action of the court below, as it cannot affect the questions presented by the record. A joint demurrer was filed to this complaint.

1st. For want of sufficient facts.

2d. Because of misjoinder of several causes of action.

A separate demurrer was filed by Tremilius Beeson for want of sufficient facts as to him. These demurrers were properly overruled. By way of argument against this ruling, it is said that no consideration for giving the bond is named in it, nor is any consideration for it averred in the complaint. This is not true as to the complaint, for it says, " in consideration of the above specified notes." This remains after what was stricken out. But this is wholly immaterial, for a written instrument promising to pay money implies a consideration, and if there was none, it was for the defendant to plead and prove the want of consideration. There was no color of ground for sustaining this demurrer.

There was an answer in seven paragraphs; the fourth and sixth were as follows:

" 4. For further answer, the defendants say that the said plaintiff was on the 3d day of January, 1870, on his own application previous to that time made to the United States District Court for the district of Indiana, declared a bankrupt, under the bankrupt laws of the United States, and as such legally and regularly discharged by said court, and then and there, to wit, on the 3d day of January as aforesaid, received and accepted his said discharge in bankruptcy; that the items of indebtedness upon which said pretended set-

tlement was made, and for which said notes mentioned in said complaint were given, accrued to the said plaintiff long before the making of his application in bankruptcy to be declared a bankrupt and have his estate settled as such; that no part of said items of indebtedness was contained in the inventory or schedule filed by the said plaintiff in said court or in any way accounted for; wherefore the defendants say that the plaintiff has no legal capacity to sue in this action.

"6. For further answer, defendants say that the consideration for which said written agreement, which is the foundation of this suit, was executed, has wholly failed, because they say that the said plaintiff had at the time of making the same, and has henceforward to the commencement of this suit, had and held, and now has in his possession, the evidence, consisting of books and papers, whereby the defendant Benjamin F. Beeson could satisfy the said parties named as arbitrators therein, that there was a less amount due upon said notes than said sum of one thousand three hundred and thirty-three dollars and thirty-three cents, which books and papers and other evidences the plaintiff has failed and refused to produce before the said parties named in said agreement as arbitrators, so that the defendant Beeson could satisfy them of said fact, although often demanded and requested to so do."

Each of these paragraphs was demurred to for want of sufficient facts. The demurrer was sustained, and exception taken. We hold that there was no error in this ruling.

The fourth paragraph, if in abatement, was bad for not being sworn to. *The Indianapolis, etc., Railway Co.* v. *Summers,* 28 Ind. 521. If in bar, it was bad, because the notes and bond were both given after the bankruptcy.

The sixth paragraph is bad for many reasons, among which we need only name one. It purports to be an answer in bar to the whole action, but only attempts to show that the action of the plaintiff in withholding books, etc., prevented one of the defendants from showing that a less amount was due.

Beeson *et al. v.* Howard.

The third assignment of error is, that the court rendered judgment collectible without relief from valuation laws. No objection was raised in the court below to the form of the judgment, and this objection can not be available here.

The fourth error assigned is, that the court below erred in overruling appellants' motion for a new trial. The reasons assigned for a new trial were:

" 1. The court erred in overruling the demurrer to the plaintiff's complaint.

" 2. The court erred in sustaining the demurrer of the plaintiff to the fourth and sixth paragraphs of the defendants' answer.

" 3. The finding of the court is not sustained by the evidence given on the trial of said cause.

" 4. The finding of the court is contrary to the law governing the case.

" 5. The court erred in rendering judgment for the plaintiff collectible without relief from valuation or appraisement laws."

This motion was overruled.

The first, second, and fifth are not reasons for a new trial. *Brown* v. *Ellis*, 35 Ind. 377. But we will add that the judgment was not rendered when the motion for a new trial was made. As to the third and fourth reasons for a new trial, we say that they are without a pretence of right; both the law and the evidence fully sustain the finding and judgment.

We feel clear from the record that this case was brought here for delay only.

The judgment is affirmed, at the costs of the appellants, with five per cent. damages.