McMahan *et al. v.* Spinning.

---

## McMahan et al. *v.* Spinning.

PLEADING.—A paragraph of an answer, pleaded in bar of the action generally, is bad on demurrer, if it does not answer all of the paragraphs of the complaint.

SAME.—*Counter-Claim.*—To an action for work and labor and materials, an answer claiming damages for a failure to abide by an award of arbitrators, to whom the matter of difference had been submitted, is not good as a counter-claim.

McMahan *et al. v.* Spinning.

ARBITRATION.—*Power to Select Umpire.*—Arbitrators have no power to call
in either an umpire or another arbitrator, unless they are authorized to do
so by the terms of submission.

PRACTICE.—*Bill of Exceptions.*—A bill of exceptions to the ruling of a court
in one county, where a cause was taken by a change of venue, cannot
legally be filed in the same cause in the county from which the venue had
been changed, after the cause has been remanded to that county, though
the same judge hold both courts.

From the Fountain Circuit Court.

*Wood & Dochterman,* for appellants.

*Ristine & McWilliams* and *Tipton & Miller,* for appellee.

DOWNEY, J.—This was an action by the appellee against
the appellants. The complaint is in four paragraphs. They
are each, except the third, designed to recover for work and
labor performed in the construction of certain sections of a
railroad.

In the first paragraph it is alleged, that the defendants had
a contract for the construction of several miles of the road-
bed, and that they sublet to the plaintiff a part of the work;
that there were misrepresentations by the defendants to the
plaintiff as to the quality of the work to be done; that the
plaintiff was about to abandon the contract on that account;
that the defendants admitted the fact, told him not to aban-
don the work, but to go on and complete the same, and he
should be paid; and that, in pursuance of this request, he
did the work, stating the amount and value thereof.

The second paragraph is in the form of a common count
for work and labor in the construction of the said part of the
railroad, accompanied by a bill of particulars of the work
done.

The third is for the price and value of railroad cross-ties
sold and delivered.

The fourth is not substantially different from the first.

The defendants answered in nine paragraphs, the first of
which was a general denial. The plaintiff demurred to all
the paragraphs, except the first and fourth. The demurrers
were sustained to the fifth, seventh, eighth and ninth, and

overruled as to the second, third and sixth. There is no reply in the record.

The venue was changed, on application of the defendants, from the Fountain to the Vermillion Circuit Court; the case was then, on motion of the plaintiff, remanded from the Vermillion to the Fountain Circuit Court, and there was a motion by the defendants again to send it to the Vermillion Circuit Court, which was overruled.

There was a trial by a jury, a verdict for the plaintiff, a motion by the defendants for a new trial overruled, and final judgment for the plaintiff.

Errors are assigned as follows:

1. Sustaining the demurrer to the fifth paragraph of the answer.

2. Sustaining the demurrers to the seventh, eighth and ninth paragraphs of the answer.

3. Sustaining the plaintiff's motion to remand the cause and the papers from the Vermillion to the Fountain Circuit Court.

4. Overruling the defendants' motion to remand the cause and the papers from the Fountain to the Vermillion Circuit Court.

5. Overruling the defendants' motion for a new trial.

No exception was taken to the ruling of the court in sustaining the demurrer to the fifth paragraph of answer, and hence there is no question with reference to it properly made for our decision.

The seventh paragraph alleges a submission of the matter in controversy, concerning the work and labor, to arbitration, and pleads the award made, in bar of the action.

Counsel discuss the question as to the validity of the submission and award. We need not, however, determine this question in this connection, for the reason that if we should find that the submission and award were valid, we should still be compelled to hold the paragraph of the answer bad. It is pleaded in bar of the action generally, and if good as to any of the paragraphs of the complaint, it is good only as to those

which are for work and labor, and not as to the third, which is for the price of railroad cross-ties sold and delivered.    There are many cases to this effect.    We cite *Beeson* v. *Howard*, 44 Ind. 413, and *Gulick* v. *Connely*, 42 Ind. 134.

The eighth paragraph of the answer is pleaded as a counter-claim.    It alleges, in substance, that the parties, after the accruing of the causes of action mentioned in the complaint, by their mutual bonds, submitted the matters in the complaint to arbitration, and that an award was made in favor of the plaintiff for one thousand two hundred and twenty-six dollars and eighty-eight cents, and that the plaintiff refused to accept and abide by the award, by which the defendants say they were damaged three thousand dollars.

Is this a valid and sufficient counter-claim?    We think it is not.    It is not "matter arising out of, or connected with, the cause of action," which is required by the statute ·in order to constitute a valid counter-claim.    2 G. & H. 91, sec. 59.

The contract, the breach of which is relied upon as a counter-claim, has no connection, whatever, with that or those on which the complaint is founded.    Nor does the matter of the alleged counter-claim arise out of the cause of action in any proper sense.

In *Conner* v. *Winton*, 7 Ind. 523, the court said: "A counter-claim is that which might have arisen out of, or could have had some connection with the original transaction, in view of the parties, and which, at the time the contract was made, they could have intended might, in some event, give one party a claim against the other for compliance or non-compliance with its provisions."    See, also, *Lovejoy* v. *Robinson*, 8 Ind. 399.

The 'ninth paragraph alleges the same facts, as the eighth paragraph, and relies upon them as a set-off.    This paragraph alleges that two arbitrators, whose names are given, were chosen, and that power was given to them, in case of disagreement, to select a third person.    The bond, however, a

copy of which is filed with and made a part of the complaint, contains no such stipulation.

It is alleged that the arbitrators named disagreed, and that they chose another person, who, with one of the original arbitrators, made the award.

Arbitrators have no inherent power to call in either an umpire or a third arbitrator. They must be, in terms, authorized to do so by the submission, etc., or they have no such power. Morse Arbitration and Award, 245; Russell Awards, 214.

We need not notice other questions with reference to this paragraph of the answer, as it is clear, we think, that the court committed no error in sustaining the demurrer thereto.

The third and fourth assignments of error may be considered together.

On the 24th day of January, 1874, on application of the defendants, an order was made changing the venue in the cause from the Fountain to the Vermillion Circuit Court, and the defendants were allowed twenty days in which to pay the costs of said change, and also to perfect the same. The papers were received by the clerk of the Vermillion Circuit Court on the 14th day of February, 1874.

On the 3d day of March, 1874, in the Vermillion Circuit Court, on motion of the plaintiff, the cause was, by order of the court, remanded to the Fountain Circuit Court, and the papers, with a certified copy of the order, were afterwards again filed in the office of the Fountain Circuit Court, and the cause was placed on the docket of that court. To the order made in the Vermillion Circuit Court, remanding the cause, there was an exception, and twenty days given in which to file a bill of exceptions.

On the 17th day of March, 1874, in the Fountain Circuit Court, a motion was made by the defendants to re-transfer the cause to the Vermillion Circuit Court. This motion was overruled, and a bill of exceptions was filed, placing this question in the record.

No bill of exceptions was ever filed in the Vermillion

Circuit Court, reserving the question as to the action of that court in remanding the cause from that court to the Fountain Circuit Court. It is true, a second bill of exceptions, filed in the Fountain Circuit Court, on the 21st day of March, 1874, recites the ruling of the Vermillion Circuit Court in remanding the cause.

We think a bill of exceptions to a ruling of the Vermillion Circuit Court could not be legally filed in the Fountain Circuit Court after the cause had been returned to that court, and that, for this reason, we cannot examine the question which is sought to be made as to the correctness of the ruling of the Vermillion Circuit Court in remanding the cause to the Fountain Circuit Court. It is true that the same judge holds both of the courts; but that does not, in our opinion, change the rule.

The motion in the Fountain Circuit Court to return the cause to the Vermillion Circuit Court was predicated on the ground that that court had committed an error in remanding the cause to the Fountain Circuit Court. As no error of that court is made to appear, the last-named motion was properly overruled.

The last alleged error is the overruling of the motion for a new trial.

The evidence is not in the record, nor does the record disclose the facts relating to any of the grounds for a new trial stated in the motion. There is, therefore, nothing for us to consider under this assignment.

The judgment is affirmed, with costs.