## Griffin v. Moore.

PLEADING.—*Counter-Claim.—Injury to Property in Possession of Bailee.*—In an action against the keeper of a livery and feed stable, who had been employed by the plaintiff to keep, feed and take care of· his horse, to recover for an injury to said horse, occasioned by said bailee's failure to take proper care of him, the defendant may set up, by way of counter-claim, an indebtedness of the plaintiff to the defendant for the keeping and taking care of said horse under said contract.

From the Boone Circuit Court.

*J. E. McDonald* and *J. M. Butler,* for appellant.

*R. W. Harrison* and *T. J. Terhune,* for appellee.

PETTIT, J.—The appellant, Washington Griffin, sued the appellee, Marcus C. Moore. The complaint was in two paragraphs, the substance of which is, that the plaintiff was the owner of a horse of the value of two hundred dollars, and that he hired the defendant, who was a livery and feed stable keeper, to keep, feed and take care of said horse; and that, by his carelessness, negligence, wilfulness and maliciousness, said horse had a leg broken, and was rendered of no value.

The answer was in two paragraphs:

1. General denial.

2. Called a counter-claim, setting up that the plaintiff is indebted to the defendant in the sum of two hundred dollars, growing out of the bailment of said horse, and the same contract and transaction, for the keeping, care, etc., of said horse.

To the second paragraph of the answer there was a demur-

rer, for want of sufficient facts, overruled, and we hold correctly. The only objection to this ruling is, that the complaint is for a tort, and not founded on contract. This objection is wholly untenable, though unnecessary and surplus words, as to the carelessness, maliciousness and wilfulness of the defendant, are used in the complaint.

There was a trial by jury, and verdict for the defendant for twelve dollars. Motion for a new trial for these causes:

1. "The verdict of the jury is contrary to law."

2. "The verdict of the jury is not sustained by sufficient evidence, and is contrary to law."

The causes for a new trial do not allege or show that the damages are excessive, and the evidence, both of the plaintiff and defendant, shows that the horse was kept, fed and stabled by the defendant for the plaintiff, without showing the precise or actual time, yet the defendant swears for "weeks," and that the plaintiff was indebted for the keeping.

We cannot say that the verdict is not sustained by sufficient evidence, or that it is contrary to law.

The judgment is affirmed, at the costs of the appellant.

WORDEN, J.—I think if the first paragraph of the complaint be conceded to be in contract, still the second clearly sounds in tort, and therefore the counter-claim could not be pleaded to both paragraphs.