## GOSSARD v. FERGUSON ET AL.

SHERIFF'S SALE.—*Action to Enforce.*—*Statute of Frauds.*—Where real estate of a debtor is sold on execution at sheriff's sale, but no certificate of such sale nor deed for such land is ever executed to the purchaser by said sheriff, and no memorandum in writing of such sale is made by him on striking off such real estate, though the purchase money therefor be paid and said sheriff makes due return of such sale, it is within the statute of frauds and can not be enforced.

SAME.—*Pleading.*—*Counter-Claim.*—*Demurrer.*—Where the grantee, by quit-claim, of such purchaser brings suit against the widow of such debtor to enforce such sale and quiet his title, a counter-claim filed by her, alleging title in herself as widow and sole devisee of such decedent, illegality of

such sale by reason of the non-execution of such memorandum, certificate and deed, and want of title in the plaintiff, and asking that her title to such real estate be quieted against the plaintiff, is good on demurrer for want of sufficient facts.

SAME.—*Evidence.*—*Sheriff's Return.*—*Memorandum of Sale.*—The fact that such sheriff testifies that his return was made on such execution "immediately after" such sale is but a statement of his conclusion and is not sufficient evidence, in connection with such return, to take the sale out of the statute of frauds.

QUERY.—Has the court trying such cause and rendering a judgment setting aside such sheriff's sale, a right to decree the amount of such purchase-money as a lien on such real estate, collectible by execution and sale thereof?

From the Clinton Circuit Court.

*J. N. Sims* and *A. T. Heavilon*, for appellant.

*L. McClurg* and *J. V. Kent*, for appellees.

PERKINS, J.—William Gossard filed his complaint against John A. Ferguson, Jane Goodnight and others, in which he alleged that said Ferguson obtained a judgment against Christopher Goodnight, William Goodnight and Andrew Goodnight, Sr.; that afterward an execution issued on said judgment, by virtue of which, on the 6th day of August, 1861, the sheriff of Clinton county sold the following real estate, viz.: "the north-west quarter of the south-west quarter of section thirty-six, in township twenty-two, north, of range two, east," and that said land was purchased at said sale by Ferguson, the execution plaintiff, for one hundred and seventy-five dollars, which he then and there credited on his said judgment; that afterward, on the 15th day of November, 1872, said Ferguson and wife executed to appellant, the plaintiff below, in consideration of five hundred dollars paid, a quitclaim deed to said land; that by mistake the statement of payment of the consideration for the deed was omitted; that it does not appear that Ferguson had any deed to or certificate of purchase of said land, though he represented, when he executed his deed to appellant, that he had; that after said sheriff's sale said Christopher Goodnight departed this life, having devised all his property, real and

personal, to Jane Goodnight, now his widow. Prayer, that the court appoint a commissioner to make a deed for two-thirds of said land to appellant, pursuant to and in completion of said sheriff's sale.

Demurrer to the complaint, by said Jane Goodnight, for want of sufficient facts, overruled, and exception taken. Ferguson and wife made default. The remaining defendants jointly answered the general denial.

Jane Goodnight, by way of second paragraph of answer, filed a counter-claim against appellant, in which she alleged the ownership of the land by her deceased husband, his devise of it to her, the probate of the will, the illegality of the sheriff's sale in various particulars, the want of title in the appellant because he had received no deed nor certificate of sale, and further, that the sheriff's sale was void by the statute of frauds, because no memorandum was made by the sheriff, etc., and praying that her title be quieted, etc.

A motion to strike out the counter-claim was overruled, and so was a demurrer to it.

The plaintiff then replied to the counter-claim, admitting some of its allegations and denying all the others. The reply may be treated as a general denial of all the allegations of the counter-claim.

Trial. Finding and judgment as follows:

" Come the parties, and the court having held this cause under advisement, and being sufficiently advised in the premises, finds that the sheriff's sale mentioned ought to be set aside, and that the defendant Jane Goodnight is the owner in fee of the lands described in the complaint, to wit; the north-west quarter of the south-east quarter of section thirty-six (36), in township twenty-two (22), north, of range two (2), east, in Clinton county and state of Indiana, and that the said William Gossard ought to have a lien on said lands for the amount paid by him at sheriff's sale, with interest at the rate of six per cent. per

annum, said amount being the sum of three hundred and twenty-seven dollars and fifty cents.

"It is therefore considered and adjudged by the court, now here, that said sheriff's sale be set aside and declared void and of no effect.

"It is therefore considered and adjudged by the court, now here, that the plaintiff do have and recover of and from the defendants the said sum of three hundred and twenty-seven dollars and fifty cents, ($327.50,) as found above, and that the same be and is hereby made a special lien on the real estate above described, to wit: the northwest quarter of the south-east quarter of section thirty-six (36), in township twenty-two (22), north, of range two (2), east, in Clinton county, Indiana, and bound for the payment of the same, subject to be executed and sold as other lands are by law sold on execution, to make said amount of judgment and interest, unless said amount shall be paid within ninety (90) days from this date, with interest at the rate of six per cent. per annum, and the costs of this action and accruing costs."

A motion for a new trial, made by appellant on the ground that the finding against him was not sustained by the evidence, was overruled. A bill of exceptions contains the evidence.

The assignment of errors alleges that the court erred in overruling appellant's demurrer to the counter-claim of Jane Goodnight, and in overruling his motion for a new trial.

The appellee Jane files a cross-assignment of errors, alleging that the court erred in overruling her demurrer to appellant's complaint, and in giving appellee a judgment and lien for the amount paid at the sheriff's sale, though she made no motion below touching this action of the court. We will first notice the alleged errors assigned by appellant.

The court did not err in overruling the demurrer to the counter-claim of Jane Goodnight. The case was a proper

Gossard *v.* Ferguson *et al.*

one for a counter-claim; *Woodruff* v. *Garner*, 27 Ind. 4:
and the allegations of that filed were ample to constitute
a ground for relief.

As to the error in overruling the motion for a new trial
for the reason that the finding of the court was not justi-
fied by the evidence, we think we are not authorized,
under the rule governing judicial action on such an as-
signment of error, to say the court erred. The questions
for the court below were upon the legality of the sheriff's
sale, and the fact as to whether such a memorandum of
the sale as would take it out of the statute of frauds was
made by that officer, at the time of the sale. The only
memorandum claimed to have been made by him was his
return upon the execution. That return is very lengthy,
including sales of personal property and of the real estate
in question, is not dated, and the sheriff does not give the
particulars as to how and when it was made, but only says
it was made immediately after the sale; that he always
made his returns at the sale. It is hardly too much to
say that a court would be justified in finding that it could
not have been made at the sale, within the rule laid down
in *Hunt* v. *Gregg*, 8 Blackf. 105, and in *Ruckle* v. *Barbour*,
48 Ind. 274; but in coming to a conclusion on this point,
the court below would not look alone to the return and
verbal statement of the sheriff, made more than four
years after the sale, but would naturally consider all the
surrounding circumstances.

If the memorandum was not made immediately on
striking off the land to the bidder, it did not take the
case out of the statute of frauds, and the contract of sale
could not be enforced. For the sheriff to say that he
made the memorandum immediately is but stating a con-
clusion. It does not disclose to us his idea of "immedi-
ately."

We turn now to the cross-errors assigned by the ap-
pellee.

The court erred in overruling the demurrer of Jane

Goodnight to the appellant's complaint. That complaint sought to obtain a decree against said Jane, divesting her of title to the land in question, and vesting it in appellant as assignee of Ferguson's right acquired at the sheriff's sale. But the complaint is radically defective, in failing to show or aver that any such sale as could be enforced was made by the sheriff, to Ferguson. It avers that the land was offered for sale, was bid off by Ferguson and that he paid his bid, but it does not show that any deed or certificate of purchase was executed to him, nor that any written memorandum of the sale was made. The complaint contains no cause of action against Jane Goodnight, the appellee, and hence the appellant could have had no decree upon it, giving him title to the land.

We think that part of the decree giving the appellant a lien for the money paid by Ferguson and repaid to the latter by appellant, is morally right, but whether legally so we need not inquire.

The court was not asked to make, and did not make, a special finding under section 341, 2 R. S. 1876, p. 174, and no motion for a new trial was made as to this finding and judgment against the appellee. Hence, it is not before this court for review.

The entire judgment is affirmed, with costs.