## TABOR ET AL. *v.* MACKKEE ET AL.

PLEADING.—*Counter-Claim.*—*Trial of After Complaint Dismissed.*—*Practice.*— *Conveyance.*—*Real Estate, Action to Recover.*—Where, in an action to set aside certain conveyances of land, and to recover possession of the same, the defendant answers, alleging title in himself to the land, asking the same to be quieted as against the plaintiff, and demanding judgment for damages, such answer constitutes a counter-claim, and the defendant is entitled to have the same tried, even after a dismissal by the plaintiff of his action.

From the Porter Circuit Court.

*N. O. Ross,* for appellants.

*R. D. Logan,* for appellees.

BIDDLE, C. J.—The appellees sued the appellants, in the Marshall Circuit Court, to set aside certain conveyances of land, and have them declared void, and for possession of the land.

The appellants answered in several paragraphs; also filed what they called their cross-complaint, in two paragraphs, · claiming the same lands, alleging that certain deeds are fraudulent, deducing their title from the United States, through several vendees, to themselves, averring that certain portions of the land have been sold and conveyed to other vendees; praying that the title in themselves and all the vendees be quieted, that the appellees be enjoined from bringing further suits to disturb or cast a cloud upon said titles, and for damages.

The cross-complaint contains an affirmative and different cause of action from that contained in the original complaint, and prays for affirmative and different relief from that which could be granted under the original complaint.

The appellees answered the cross-complaint, and issues of fact were formed upon it. After one trial in the Marshall Circuit Court, and a disagreement of the jury, and their discharge by the court without returning a verdict, the venue, on the application of the appellants, was

changed to the Porter Circuit Court. The parties appeared in the Porter Circuit Court, and in term the appellees dismissed their original cause of action, at their costs; whereupon the appellants insisted upon a trial of the case upon their cross-complaint, and the issues formed under it. The appellees objected to a trial on the cross-complaint. The court sustained their objections, and dismissed the cross-complaint, over the objections and exceptions of the appellants, holding that a dismissal of the original complaint carried with it the dismissal of the cross-complaint; and this presents the sole question in the case.

By section 365, 2 R. S. 1876, p. 185, it is enacted, that, "In any case, where a set-off or counter-claim has been presented, which in another action would entitle the defendant to a judgment against the plaintiff, the defendant shall have the right of proceeding to the trial of his claim, without notice, although the plaintiff may have dismissed his action, or failed to appear."

By section 59, 2 R. S. 1876, p. 63, a counter-claim is defined to be "any matter arising out of, or connected with the cause of action, which might be the subject of an action in favor of the defendant, or which would tend to reduce the plaintiff's claim or demand for damages."

The pleading, called a cross-complaint, in the case before us, arises out of, and is connected with, the cause of action, and shows a cause of action in favor of the defendants. It seems to us that this is the exact definition of a counter-claim; and a pleading must be tested by its averments, not by what the pleader may happen to name it.

In *Campbell* v. *Routt*, 42 Ind. 410, this court says, WORDEN, J., delivering the opinion, that, "If the pleading alleges facts arising out of, or connected with, the cause of action, as the foundation of a claim in favor of the defendant against the plaintiff, and claims a judgment

for damages in favor of the defendant against the plaintiff, or for other affirmative relief, the pleading must be regarded as a counter-claim and nothing else."

In our judgment, the cross-complaint of the appellants is a counter-claim, within the meaning of our code of practice. This view is fully supported by the following cases:   *Woodruff* v. *Garner*, 27 Ind. 4; *Grimes* v. *Duzan*, 32 Ind. 361; *Jackson* v. *Swope*, 49 Ind. 388.

We think, for these reasons, that the court erred in dismissing the appellants' counter-claim—for such it really is—and denying a trial upon its issues.

It is insisted, however, by the appellees, that the court acted upon the authority of the case of *Holzner* v. *Holzner*, 48 Ind. 151, and, therefore, that the judgment should be affirmed. It must be confessed, that that case is not very satisfactory; the premises are meagrely stated, but we do not think it supports the appellees. In that case, as well as we can discover its grounds, the plaintiffs filed their petition for the partition of certain lands. The defendants filed a cross-petition, admitting the facts in the original petition, and demanding partition and an account for rents. The main purpose of the case, therefore, was the partition of the lands, which might be accomplished under the original petition, or the cross-petition. The title of the lands sought to be partitioned was admitted to be the same by the cross-petition as it was claimed to be by the original petition.

But, in the case we are considering, the title to the land by the original complaint is claimed to be in appellees, and by the counter-claim the title to the same lands is claimed to be in the appellants and their vendees. The appellees sought to set aside certain deeds, and obtain possession of the land; the appellants seek to set aside certain other deeds, and have the title to the same lands quieted in them, and to enjoin the appellees from bringing further suits to disturb the quieted title. There is scarcely any analogy between the two cases.

The judgment is reversed, at the costs of the appellees, and the cause remanded for further proceedings, according to this opinion.