### No. 7562.

STERNE *v.* THE FIRST NATIONAL BANK OF VINCENNES ET AL.

PRACTICE.—*Pleading.*—*Counter-Claim.*—Where the facts set up in a cross complaint are in no way connected with, or dependent upon, the matters alleged in the complaint, no available error is committed in dismissing such cross complaint.

From the Gibson Circuit Court.

*J. E. McCullough, L. C. Embree, W. H. Trippet* and *M. W. Fields,* for appellant.

*W. H. DeWolf, S. A. Chambers* and *T. R. Paxton,* for appellees.

MORRIS, C.—The appellant commenced this suit against the appellees, to restrain the collection from him of a judgment taken against Jacob W. Hargrove and Caleb Trippet as principals, and the appellant and one Miller as sureties, by the appellee, The First Nat'nal Bank of Vincennes, on the 2d day of February, 1875, for some $5,000. The complaint contains three paragraphs.

The appellees severally demurred to each paragraph of the complaint. The demurrers were sustained, and final judgment rendered in favor of the appellees.

The rulings of the court upon the demurrers to the complaint are assigned by the appellant as errors.

The First National Bank of Vincennes filed a cross complaint against its co-defendants, Jefferson Turpin and John

Sloan, setting up the judgment against Hargrove and Trippet as principals, and Sterne and Miller as sureties, as the same is stated in the original complaint, the issuing of an execution on this judgment, and that, while it was in the hands of the sheriff, Turpin and Sloan became replevin bail for Trippet's half of said judgment, which was acknowledged by a recognizance endorsed on said execution, and approved by the sheriff; that said bank, in consideration that the said Turpin and Sloan had agreed to become such bail in manner and form aforesaid, agreed with them that it would extend the time for the payment of said judgment for one year, and return the execution then in the hands of said sheriff; that it caused said execution to be returned, and had in fact extended the time for the payment of said judgment for one year. The bank asked to recover against Turpin and Sloan the amount of its judgment against Hargrove, Trippet, Miller and the appellant.

The bank also filed a cross complaint against its co-defendants, William M. Cockrum, William L. Hargrove, James H. McConnell, Edward Rickard and John C. Blythe, who, it was alleged, had become bail for Hargrove's half of said judgment.

These cross complaints were dismissed on the respective motions of the defendants to the same. They are made a part of the record by a bill of exceptions.

The several paragraphs of the appellant's complaint are the same as in the case of the Sterne v. McKinney, post, p. 578 ; and, for the reasons given in the latter case, the same ruling will be made in this case. The demurrer t: the first paragraph of the complaint should have been over aled. The demurrers were properly sustained to the second and third paragraphs.

The bank alleges as error the dismissal of its cross complaints. Assuming, though we do not so decide, that upon the facts stated, the bank would have a right to recover against the defendants to the cross complaints, the controversy would be one clearly at law, in no way connected with, or dependent upon, the matter alleged in the appellant's complaint. The

facts did not constitute a cause of action by way of counter claim or cross complaint. There was no available error in dismissing the cross complaints.

The court erred in sustaining the demurrer to the first paragraph of the appellant's complaint, and for this error the judgment below should be reversed.

PER CURIAM.—It is ordered, upon the foregoing opinion, that the judgment below, sustaining the demurrer to the first paragraph of said complaint, be reversed, at the costs of the appellees.

NIBLACK, J., was absent.

Petition for a rehearing overruled.