Filed Sept. 27, 1894.

———————◆———————

No. 1,338.

BLOCK v. SWANGO ET AL.

PLEADING. — *Counterclaim.—Cross-Complaint.* — *Tort (Conversion).* — *Contract.*—Where an action sounds in tort, for the value of personal property alleged to have been unlawfully converted by the defendant to his own use, the defendant can not plead thereto matters arising out of and pertaining to a contract, which could have no connection with, or dependence upon, the act of conversion.

From the Switzerland Circuit Court.

*W. D. Ward,* for appellant.

*J. B. Coles* and *G. B. Hall,* for appellees.

Ross, J.—This action was brought by the appellee

Henry C. Swango, against the appellant, Levi Block, and the appellee Abijah Humphrey, to recover the value of personal property alleged to have been unlawfully converted to his own use by the appellant. A separate demurrer, filed by the appellee Humphrey to the complaint, was sustained by the court.

The only questions argued by counsel for appellant arise under the following errors assigned in this court, viz: "The court erred in sustaining appellee Swango's demurrer to the second paragraph of appellant's answer;" "the court erred in sustaining appellee Swango's demurrer to the appellant's cross-complaint;" and "the court erred in overruling appellant's motion for a new trial."

The matters set up in the answer, which was pleaded by way of set-off, and those in the cross-complaint, were the same, and appellant insists arose out of, and are connected with, the cause of action declared on in the complaint. The cause of action declared on sounds in tort, as to which matter by way of set-off, as a general rule, can not prevail. But it is insisted that, while the general rule is that a set-off or counterclaim can not be allowed in actions *ex delicto*, yet the rule is not universal; that there are exceptions to the rule, and that this case is within the exceptions.

The statute, section 353, R. S. 1894, designates that a counterclaim is "any matter arising out of or connected with the cause of action which might be the subject of an action in favor of the defendant, or which would tend to reduce the plaintiff's claim or demand for damages," and there are many adjudications defining what constitutes a counterclaim under this section of the statute. *Conner* v. *Winton*, 7 Ind. 523; *Tabor* v. *Mackkee*, 58 Ind. 290; *Campbell* v. *Routt*, 42 Ind. 410; *Douthitt* v. *Smith, Admr.*, 69 Ind. 463; *Standley* v. *Northwestern, etc., Life*

*Ins. Co.*, 95 Ind. 254; *Miller, Admr.*, v. *Roberts*, 106 Ind. 63.

Both this court and the Supreme Court of this State have declared that in actions sounding in tort matters by way of set-off or counterclaim are not ordinarily permissible. *Lake Shore, etc., R. W. Co.* v. *Van Auken*, 1 Ind. App. 492; *Avery* v. *Dougherty*, 102 Ind. 443; *Keller* v. *Goodrich Co.*, 117 Ind. 556.

In the case of *Terre Haute, etc., R. R. Co.* v. *Pierce*, 95 Ind. 496, 500, the Supreme Court, however, say: "It is not quite true *, that a counterclaim is only admissible in actions *ex contractu*. To the contrary, we think that the decisions of this court show that in some actions *ex delicto*, a counterclaim growing either out of contract or tort may be pleaded," and this court, in the case of *Brower* v. *Nellis*, 6 Ind. App. 323, says: "Matters *ex delicto* may be pleaded to matters *ex delicto*, and matters *ex contractu* to matters *ex contractu*, but matters *ex delicto* can not be pleaded to matters *ex contractu*, nor *vice versa*, unless it appear that the matter stated in the complaint and the counterclaim arose out of the same transaction, and such transaction relates to a contract of some kind between the parties."

The matters set up in this answer and cross-complaint arose out of, and pertain to, the execution of a contract, while the original action is to recover for conversion, which is a tort pure and simple, and can have no connection with, or dependence upon, the construction or performance of a contract. *Crowe* v. *Kell*, 7 Ind. App. 683. There was no error in sustaining the demurrers to the second paragraph of appellant's answer and to his cross-complaint.

It is next urged that the court erred in overruling the motion for a new trial. After reading all the evidence, we think there is sufficient to support the verdict. True,

it is somewhat indefinite, and possibly may not, in our opinion, preponderate in favor of appellee, yet this court can not weigh the evidence and determine upon which side there is a preponderance. That duty is for the jury, and if it makes a mistake it is then the duty of the trial court to set aside the verdict.

The damages assessed are not excessive under the evidence. Judgment affirmed.

Filed Sept. 21, 1894.