Roback and Another *v.* Powell.

———————◆———————

ROBACK and Another *v.* POWELL.

CONTRACT.—*Tort.*—*Pleading.*—*Evidence.*—Where suit is brought on a contract, an answer alleging damages sustained by the defendant from a tort committed by the plaintiff is subject to a demurrer; but if an issue of fact be made on the answer, proof should be admitted to support its averments.

APPEAL from the Marion Common Pleas.

PETTIT, J.—This suit was brought on an injunction bond. The complaint shows that Mary E. Roback, before her marriage with Alfred Roback, and while her name was Mary E. Coleman, brought suit and claimed to be the owner of a frame house, situated on her land; that Powell, defendant in that suit, plaintiff in this, and appellee in this appeal, was taking it down and removing it from her land, and praying an injunction, which was granted, she giving the bond on which this suit was instituted; that the injunction was subsequently dissolved and the suit dismissed for failing to prosecute the same when called for trial; that Powell was greatly injured by the issuing of said injunction; that the house was his, and that he had the right to remove it, etc.

The defendant Mary E. Roback answered, first, general denial; and second, "And for further answer, she says that the said William Powell entered upon her premises, described in said complaint, then in her possession, and tore down her house and carried the same away, to her damage, in the sum of two thousand dollars, for which sum she demands judgment."

A reply of general denial was filed to the second paragraph of the answer. Trial by jury, verdict for plaintiff for one hundred and forty dollars, motion for a new trial overruled, and exception, and judgment on the verdict. The overruling of the motion for a new trial is the only error assigned, and that only, as stated in appellants' brief, "for the reason that the court refused to permit the defendants to introduce evidence to prove the second paragraph of the answer."

The suit was on a contract, and the answer was in tort. Can an injury or damage sustained by a trespass be set off against damages sustained or claimed for a breach of a contract in such a case as this? We answer no, and think we are fully sustained by the following authorities: *The Indianapolis and Cincinnati Railroad Co.* v. *Ballard,* 22 Ind. 448; *Shelly* v. *Vanarsdoll,* 23 Ind. 543.

If the second paragraph of the answer had been demurred to, the demurrer should have been sustained; but this was not done, and issue was taken on it by reply of general denial. This was a waiver of all objection to it, and entitled the defendants to introduce evidence to show the truth of its allegations. 2 G. & H. 92, sec. 64. The court erred in not allowing the defendants to prove the truth of the second paragraph of the answer.

The judgment is reversed, at the costs of the appellee.

*J. W. Blake, E. W. Kimball, J. S. Harvey,* and *N. Van Horn,* for appellants.

*B. K. Elliott,* for appellee.