THE DETROIT, EEL RIVER AND ILLINOIS R. R. CO. *v.*
BARTON.

PRACTICE.—*Demurrer.*—*Justice of the Peace.*—*Supreme Court.*—Where a demurrer presented before a justice of the peace is not renewed in the Circuit Court on appeal, no question in relation thereto can be made in the Supreme Court on appeal.

RAILROAD.— *Killing Stock.*— *Venue.*— *Pleading.* — In an action under the statute, against a railroad company, for killing stock, the venue is suffi-

ciently laid, where the complaint shows the killing to have occurred in the county where the action is brought.

SAME.—*Negligence.*—*Transitory Action.*—An action against a railroad company for negligently killing or injuring stock is not local, but transitory.

SAME. — *Contributory Negligence.* — The fact that the owner of an animal "knowingly permitted" it to run at large is not such contributory negligence on his part as will defeat an action by him against a railroad company for the "wilful" killing of such animal.

PRACTICE.— *Verdict.*—*Special Finding.*—*Judgment non Obstante.*—To authorize judgment upon the special findings of a jury, notwithstanding their general verdict, there must be a clear inconsistency between them.

From the DeKalb Circuit Court.

*J. S. Collins*, for appellant.

*W. L. Penfield* and *D. D. Moody*, for appellee.

HOWK, J.—In this action, the appellee, as plaintiff, sued the appellant, as defendant, in a complaint of two paragraphs, before a justice of the peace of DeKalb county, Indiana.

The trial before the justice resulted in a judgment for the appellee in the sum of thirty dollars, from which the cause was appealed to the court below. In this latter court, the cause was tried by a jury, and a general verdict was returned for the appellee in the sum of thirty dollars. With their general verdict, the jury also returned their special findings on particular questions of fact submitted to them by the parties, under the direction of the court. The appellant moved the court for judgment on the special findings, notwithstanding the general verdict, which motion was overruled, and the appellant excepted to this decision. The appellant's motions for a new trial and in arrest of judgment were severally overruled, and to each of these decisions, in the order stated, the appellant excepted, and the court rendered judgment on the general verdict, from which judgment this appeal is now prosecuted.

In this court, the appellant has assigned as errors the following decisions of the court below:

1. In overruling its demurrers to the first and second paragraphs of the appellee's complaint;

2. In overruling its motion for judgment in its favor, on the special findings of the jury, notwithstanding their general verdict;

3. In overruling its motion for a new trial; and,

4. In overruling its motion in arrest of judgment.

Before the justice, the appellant demurred to each of the paragraphs of the appellee's complaint, for the want of sufficient facts therein to constitute a cause of action. It does not appear, however, that these demurrers were presented to, or decided by, the court below, and, therefore, the first alleged error is not in the record. But the sufficiency of the complaint is called in question by the fourth error assigned, the overruling of the appellant's motion in arrest of judgment. The appellant's objections to the sufficiency of the complaint are thus stated by its attorney, in his brief of this cause in this court:

"The first paragraph does not sufficiently allege, that the killing was done in DeKalb county, nor that the road was 'not securely fenced in,' is not sufficiently stated. The second paragraph does not sufficiently allege, that the killing was done in DeKalb county, nor does it sufficiently allege that the plaintiff was without fault or negligence on his part."

These two sentences contain not only a statement of the appellant's objections to the complaint, but also all that is said by appellant's counsel in reference to these objections. In our opinion, none of these objections are well taken or supported by the record.

In the first paragraph of his complaint, the appellee alleged, in substance, that the appellant owned and operated a railroad running through DeKalb county, Indiana; that, on the — day of July, 1875, the appellee owned a four-year old cow, of the value of thirty dollars; that, on said day, the appellant, by its locomotive, used and operated on its said railroad, ran against and

over said cow, in said county and State, by reason where-of said cow was killed; and that, at the point where said cow went upon said railroad and was killed, the appellant's track was not then and there securely fenced, etc.

From this statement of the substance of the first paragraph of the complaint, it will be readily seen that the appellant's objections to this paragraph are not sustained by the record.

The second paragraph of the complaint was not brought under the statute which provides compensation to the owner of animals killed or injured by the cars, etc., of a railroad company. In this paragraph, the appellee charged, in substance, that the appellant, through the fault, misconduct, gross negligence and malice of its servants and employees, purposely, wilfully and maliciously ran its locomotive and train against and killed his cow, without fault or negligence on his part, on the appellant's road, in said county, etc.

The cause of action stated in this paragraph was not local, but transitory; but, if it had been local, we think it was alleged, with clearness and precision, in this second paragraph, that the appellee's cow was run against and killed in DeKalb county. The other objection of the appellant's counsel to this second paragraph is not sustained by the record; for it was expressly alleged in said paragraph, that the killing of appellee's cow was "without fault or negligence on his part." The appellant's motion in arrest of judgment was correctly overruled.

The second error assigned by the appellant is the decision of the court below in overruling its motion for judgment in its favor, on the special findings of the jury, notwithstanding their general verdict.

Section 337 of the practice act provides, that, "When the special finding of the facts is inconsistent with the general verdict, the former shall control the latter, and the court shall give judgment accordingly." 2 R. S. 1876;

p. 172. *Thompson* v. *The Cincinnati, etc., R. R. Co.,* 54 Ind. 197; and *Hollingsworth* v. *Trueblood,* 59 Ind. 542.

There must be a clear inconsistency, however, between the special findings and the general verdict, or the judgment must follow the latter. In this case the special findings are very long, embracing the answers of the jury to seventeen interrogatories; and it seems to us, that it would be unprofitable to set out even the substance of these findings, in this opinion.

The point is made by appellant's counsel, that "the appellee was guilty of contributory negligence," because the jury found specially, that he knowingly permitted his cow to run at large. But the appellee's negligence in this regard, if it is conceded to be negligence, did not justify the wilful killing of his cow by the appellant, when it could have been avoided by "ordinary diligence," as the jury also found specially.

In our opinion, no error was committed by the court below in overruling the appellant's motion for judgment in its favor, on the special finding of facts, notwithstanding the general verdict.

The only causes for a new trial assigned by the appellant in its motion therefor were, that the verdict of the jury was not sustained by sufficient evidence, and that it was contrary to law.

The only question presented for our consideration by the error assigned by the appellant on the overruling of this motion for a new trial is simply, whether or not there is any legal evidence in the record tending to sustain the material averments of the appellee's complaint.

In our opinion, the verdict was sustained by sufficient legal evidence, and the motion for a new trial was correctly overruled.

The judgment is affirmed, at the appellant's costs.