Filed May 27, 1884.

No. 10,445.

## THE TERRE HAUTE AND INDIANAPOLIS RAILROAD COMPANY. v. PIERCE.

SUPREME COURT.—*Informal Demurrer*.—Where it appears from the record that the parties and trial court understood a certain demurrer to be addressed to a certain pleading to question its sufficiency, the Supreme Court, on appeal, will so regard the demurrer, notwithstanding it may have been informal.

RAILROAD.—*Killing Stock*.—*Failure to Fence*.—*Negligent Killing*.—*Counter-Claim*.—In an action against a railroad company, to recover for the value of a horse killed by the defendant's cars, wherein one paragraph of the complaint was based upon the defendant's failure to fence its track, and another alleged a negligent killing, the defendant could not set up, by way of counter-claim, that the plaintiff had negligently suffered his horse to stray upon the track, where the cars ran upon it, and were thrown from the track, causing the defendant great damage, for which judgment was demanded.

The Terre Haute and Indianapolis Railroad Company v. Pierce.

SAME.—*Presumption.*—See opinion for facts authorizing presumption of the killing of the animal by the defendant's cars.

SAME.— *Venue.—Evidence.—Presumption.*—Where such action is based upon the failure of the company to fence, it must be brought in the county where the killing occurred, but when it is based upon alleged negligence, it may be brought in any county through which the railroad runs. If such action be based on both these grounds, the Supreme Court, in the absence of evidence of the venue, will presume that a general finding or verdict was based upon the paragraph alleging negligence.

SAME.—*Judicial Notice.— Venue.*—The Supreme Court takes judicial cognizance of county boundaries, and that a certain distance from a place named in a county is within that county. *Louisville, etc., R. W. Co.* v. *Breckenridge,* 64 Ind. 113, on this point, overruled.

SUPREME COURT.—*Evidence.—Harmless Error.*—Where a material fact is established by competent and uncontradicted evidence, the Supreme Court will not reverse the judgment because some incompetent evidence was admitted on the same point.

From the Parke Circuit Court.

*J. G. Williams, A. F. White* and *E. Hunt,* for appellant.

*V. Carter,* for appellee.

HAMMOND, J.—Complaint in three paragraphs by the appellee against the appellant and two other railroad companies, for the alleged killing of a horse by the appellant, as lessee of a railroad running from Terre Haute, Indiana, to Rockville, Indiana. The appellee's right to recover was based, in the first and third paragraphs of his complaint, upon the failure of the appellant to fence securely the railroad at the place where the animal entered upon the same and was killed. The second paragraph seeks to recover upon the ground of negligence.

The appellant's answer was in two paragraphs. The first was a general denial. The second was a counter-claim, stating, as we copy from the appellant's brief, the following facts:

" That Pierce was the owner of a horse well known to be breachy ; that he carelessly and negligently permitted him to run at large, and carelessly failed to provide suitable enclosures to keep his stock upon his own premises ; that this horse,

being the same one for whose value the suit is brought, entered upon the track of appellant in the town of Rosedale and wandered along the track between the fences on either side, until it came to a bridge, where it remained until one of the appellant's trains approached, and thereupon the horse attempted to run through the bridge, and, falling between the ties, obstructed the track so that appellant's locomotive was thrown from the track through the bridge down into the creek, together with several loaded freight cars, by reason of all of which appellant was damaged in the sum of $5,000.

" The counter-claim further alleges that there was no order of the board of commissioners of Parke county permitting horses or cattle to run at large, and that appellant was wholly without fault or negligence, and that Pierce, although often requested, fails and refuses to pay the damages."

The other defendants answered by the general denial. The finding and judgment being in their favor, they will not be further noticed.

The appellee demurred to the counter-claim as follows:

" Comes now the plaintiff, and for reply to the second paragraph of the answer of the defendant, the Terre Haute and Indianapolis Railroad Company, demurs to said answer for the reason that said paragraph does not state facts sufficient on answer herein."

Trial by the court; finding for the appellee as against the appellant, and judgment on the finding, over the appellant's motion for a new trial.

The appellant assigns as errors the sustaining of the demurrer to its counter-claim, and the overruling of its motion for a new trial.

It is objected to the demurrer that it was so defective in form as not to present any question as to the sufficiency of the counter-claim. The demurrer is quite informal, and had the court below overruled, or wholly disregarded it, it is probable that there would have been no error for which the appellee could complain. It appears, however, from the record,

that the parties and the court below understood the demurrer as being addressed to the counter-claim. Thus addressed, we think it was sufficient, in substance, to call in question the sufficiency of the facts stated in the counter-claim to constitute a cross demand against the appellee. *Petty* v. *Board, etc.,* 70 Ind. 290 ; *Mark* v. *Murphy,* 76 Ind. 534.

Had the facts stated in the counter-claim been set up as an independent cause of action by the appellant as plaintiff, against the appellee as defendant, the complaint would no doubt have been good upon demurrer. *Sinram* v. *Pittsburgh, etc., R. W. Co.,* 28 Ind. 244.

The difficult question is whether, in an action like the present, for a trespass, another trespass, resulting in an injury to the defendant, can be pleaded by way of counter-claim. It is provided in the third clause of section 347, R. S. 1881, that " The defendant may set forth in his answer as many grounds of defence, counter-claim, and set-off, whether legal or equitable, as he shall have. Each shall be distinctly stated in a separate paragraph, and numbered, and clearly refer to the cause of action intended to be answered."

Section 350, R. S. 1881, defining a counter-claim, is as follows : "A counter-claim is any matter arising out of or connected with the cause of action which might be the subject of an action in favor of the defendant, or which would tend to reduce the plaintiff's claim or demand for damages."

We do not think the cause of action set forth in the counter-claim was a matter arising out of or connected with the appellee's cause of action. The appellee's cause of action, as stated in two paragraphs of his complaint, grew out of the appellant's failure to fence its railroad where the animal entered and was killed. His cause of action, as stated in the other paragraph of his complaint, was based upon the appellant's negligence in killing the animal. The appellant's cause of action, or cross demand, set forth in its counter-claim, was based upon the appellee's negligence in suffering his horse to run at large, whereby said horse strayed upon the appellant's

railroad, causing to the latter the injury for which compensation is claimed in the counter-claim. It is too apparent for controversy that the appellee's negligence in permitting his horse to run at large, did not grow out of, and had no connection with, the appellant's failure to fence its road, nor with its negligence in running its locomotive and cars over and killing the appellee's horse. The respective acts of negligence complained of had no connection with or relation to each other.

The decisions of this court have been uniformly adverse to permitting one trespass to be pleaded as a counter-claim or set-off to another. *Conner* v. *Winton*, 7 Ind. 523; *Lovejoy* v. *Robinson*, 8 Ind. 399; *Slayback* v. *Jones*, 9 Ind. 470; *Shelly* v. *Vanarsdoll*, 23 Ind. 543; *Roback* v. *Powell*, 36 Ind. 515; *Frout* v. *Hardin*, 56 Ind. 165 (26 Am. R. 18); *Hess* v. *Young*, 59 Ind. 379. These decisions are in harmony, generally, with those of other States having codes similar to ours; though there are a few decisions holding to the contrary. See Pomeroy Rem., section 790, and authorities there cited. These exceptional decisions, holding that a counter-claim in a case like the present is allowable, are the ones principally relied upon by the appellant to support its counter-claim.

It is not quite true, as has been sometimes stated, that a counter-claim is only admissible in actions *ex contractu*. To the contrary, we think that the decisions of this court show that in some actions *ex delicto*, a counter-claim growing either out of contract or tort may be pleaded. But an examination of these cases will show that the matters stated in the complaint and the counter-claim arose out of the same transaction, and that such transaction related to a contract of some kind between the parties. A reference to some of these cases will now be made.

*Judah* v. *Trustees, etc.*, 16 Ind. 56, was an action against the defendant to recover the value of certain bonds and coupons received by him as attorney for the plaintiff, and converted to his own use. That was an action sounding in tort,

known at common law as an action of *trover.* 1 Chit. Pl.
146. The defendant answered by counter-claim that the
bonds and coupons in controversy were retained under con-
tract with the plaintiff for legal services rendered by the de-
fendant. It was held that the case admitted of the counter-
claim. It will be noticed that the cause of action stated in
the complaint and the matter set up in the counter-claim
both related to and grew out of the same transaction, or con-
tract, namely, the employment of the defendant by the plain-
tiff as attorney, and the defendant's claim for compensation
for services under such employment.

In *Grimes* v. *Duzan,* 32 Ind. 361, the plaintiff brought
an action to set aside, for fraud, a conveyance made by him
to the defendant. The defendant answered by counter-claim,
setting up title under his deed from the plaintiff, charging
the plaintiff with being in the unlawful possession of the
land, and asking to have his title quieted, and for possession.
The complaint and counter-claim were both founded in tort.
The counter-claim was held good. Here, also, it will be ob-
served that both causes of action grew out of the transaction
of the plaintiff's conveyance to the defendant.

The cases are too numerous to mention, where it has been
held in actions on promissory notes and other contracts, that
a counter-claim was admissible, setting up a cross demand on
account of the plaintiff's fraud with respect to the considera-
tion of the note or contract sued upon. All these cases dif-
fer materially from those first above cited where, as in the
present case, the *tort* set up by way of set-off or counter-
claim had no connection with the tort for which the suit was
brought, and no relation to a prior contract. We think there
was no error in sustaining the demurrer to the counter-claim.

The appellant's motion for a new trial stated as causes
therefor, that the finding was not sustained by sufficient evi-
dence, and was contrary to law; also, that there was error in
the admission of certain evidence.

The appellant claims that there was no evidence author-

izing a finding that the appellee's horse was killed by actual collision with any train. The evidence shows that the horse, the day after he was missed by the appellee, was found dead under the railroad bridge, being cut in two, and that there was blood and hair on the ties of the bridge above the place where the horse was found. These circumstances, with others given in evidence, were sufficient to raise the presumption that the horse was killed by a railroad train.

It is also urged that the evidence does not show that the horse was killed in Parke county. An action against a railroad company for killing stock, on account of its road not being fenced, is local, and must be brought in the county where the injury occurred. Sections 4026 and 4029, R. S. 1881. But an action against a railroad company for killing stock through negligence is transitory, and may be brought in any county through or into which such railroad passes. Section 311, R. S. 1881; *Detroit, etc., R. R. Co.* v. *Barton,* 61 Ind. 293. While two paragraphs of the appellee's complaint sought to recover on the ground of the appellant's road not being fenced, one paragraph was based upon the appellant's negligence. As the finding of the court does not show upon which paragraph of the complaint it was predicated, we would, perhaps, in the absence of proof as to the venue, have to presume that the finding was on the paragraph of the complaint alleging negligence. But, however this may be, we think that the record contains sufficient evidence to show that the injury happened in Parke county. The testimony establishes the fact that the injury occurred at a bridge on a railroad operated by the appellant one mile north of Rosedale. This court takes judicial notice of the geography of the country. 1 Works Pr., section 348. And we judicially know that a point on the railroad one mile north of Rosedale would be in Parke county. In *Indianapolis, etc., R. R. Co.* v. *Moore,* 16 Ind. 43, which was an action for killing stock at a place where the railroad was not fenced, the proof showed that the injury took place between Shelbyville and London, one and a quarter miles from

London. It was held that the evidence sufficiently showed that it was in Shelby county. *Louisville, etc., R. W. Co.* v. *Breckenridge,* 64 Ind. 113, cited by the appellant, is at variance with the weight of authority upon the question now under consideration, and as to this point said decision is hereby overruled.

The evidence admitted over the appellant's objection, and for which he urges a reversal of the judgment, related to the appellant operating the railroad at the time of the injury. Independent of the evidence which may have been improperly received, the proof was ample and uncontradicted that the appellant, as lessee, was at the time named operating the railroad as alleged in the complaint. Had there been a conflict of evidence upon this point, the admission of some of the evidence complained of might have constituted an error that would require us to reverse the judgment. But where, as in this case, a fact is sufficiently proved by competent evidence, we must hold that, where there is no evidence to the contrary, the admission of additional, incompetent evidence in support of the same fact is, at most, a harmless error, which will not authorize a reversal. The motion for a new trial was properly overruled.

Judgment affirmed, at appellant's costs.

ZOLLARS, J., concurs in the conclusion, but doubts the correctness of what is said upon the question of counter-claim under our statute.

