The Louisville, New Albany and Chicago Railway Company v. Green.

No. 13,183.

THE LOUISVILLE, NEW ALBANY AND CHICAGO RAILWAY
COMPANY v. GREEN.

120   367
·131   115
120   367
136   191
120   367
149   190
150   630

NEW TRIAL.—*Causes for.*— *Verdict.*—*Practice.*—Alleged error in refusing to send the jury back to further consider their verdict and in discharging them over objection, will not be considered on appeal, unless assigned as cause for a new trial in the motion therefor.

SPECIAL VERDICT.— *Venire de Novo.*—If a special verdict, stripped of improper matter, is sufficient to support a judgment under the issues made by the pleadings, a motion for a *venire de novo* should be overruled.

SAME.—*Material Defects.*—*Remedy.*—If a special verdict fails to find facts established by the evidence, or finds facts not established thereby, the remedy is by a motion for a new trial, and not by a motion for a *venire de novo.*

SAME.—*Motion for Judgment on.*—*Separate Causes of Action.*— Where the plaintiff seeks a recovery upon distinct causes of action, set up in separate paragraphs, in case a special verdict is returned, a motion by the defendant for judgment in his favor as to one cause of action should be sustained, if the facts found entitle him to judgment.

RAILROAD.—*Highway Crossing.*—*Failure to Give Signals.*—*Liability for Animals Killed.*—The failure of the engineer to give the crossing signals required by statute (section 4020, R. S. 1881), will not entitle a party to recover for a cow killed by a passing train upon a highway crossing. although she escaped from a sufficient enclosure, without the fault of the plaintiff, who made diligent efforts to find her, unless the facts authorize the conclusion that the failure to give the signals caused the death of the animal. Such a conclusion is not justified on account of a failure to sound the whistle, if the other statutory signals are given.

SAME.— *Presumption that Signals were Given.*—*Special Verdict.*—If a special verdict is silent upon a material point, such point will be deemed as found against the party having the burden; so, where the verdict, while finding that the whistle was sounded, is silent with reference to the ringing of the bell, it will be deemed that the latter signal was given, the presumption being, in the absence of a showing to the contrary, that the engineer did his duty.

From the Hamilton Circuit Court.

*S. O. Bayless, G. W. Easley* and *W. H. Russell*, for appellant.

*R. R. Stephenson, W. R. Fertig* and *C. W. Griffin,* for appellee.

OLDS, J.—This action was commenced before a justice of the peace and an appeal taken to the circuit court, where an amended complaint in three paragraphs was filed.

The first paragraph alleges the killing of one cow and the injuring of another by the defendant, on August 20th, 1885, with its locomotive and cars, at a place where the defendant's track was not fenced, but where it might have been fenced.

The second paragraph alleges that on the night of the 20th of August, 1885, two cows, owned by the plaintiff, without his knowledge or fault, broke out of the enclosure in which he had them confined, and wandered upon the defendant's railroad track at a point where said railroad crossed a public highway in said county, and while so on, or in the immediate vicinity of, said crossing, the defendant's agents in charge of one of its locomotives and trains, wilfully, carelessly, purposely, and unlawfully, run its said locomotive and train upon and against said cows, thereby killing one and maiming and crippling the other, to the plaintiff's damage, etc.

The third paragraph avers, that on the night of the 20th of August, 1885, two cows belonging to the plaintiff, without his knowledge or fault, broke out of the inclosure in which he had them safely confined, and wandered upon the defendant's railroad track, at a point where said railroad crosses a public highway in said county of Hamilton, and while on, or in the vicinity of, said crossing, the defendant's agents in charge of its cars and locomotive ran upon and against said cows, thereby killing one and maiming and crippling the other, without any fault on the part of the plaintiff, and to his damage in the sum of $100. The plaintiff further avers that said defendant, by its employees, was running its train of cars at a fast rate of speed at the time said cattle were injured and killed, and at the crossing where they were so injured, and while said defendant by its employees was approaching said crossing with its locomotive and train of

cars, it did, by its employees, carelessly and negligently, and wilfully, neglect to sound the whistle attached to said locomotive before it reached said crossing, or to ring the bell, or make any effort to alarm said cattle, or frighten them from the track before they were killed and injured in the manner aforesaid; that by reason of the premises said cattle were killed and injured by the defendant, without the fault of the plaintiff, and to his damage in the sum of $100.

There was a trial by jury, and, at the plaintiff's request, the jury returned a special verdict as follows:

"We, the jury, find the following special verdict in said cause: That the defendant is the owner of, and operates, a line of railroad through the plaintiff's farm, in Hamilton county, Indiana, as averred in the complaint; and on the night of August 20th, 1885, one of the plaintiff's cows, being in one of his pasture-fields on said farm, passed into another field of his, through which the defendant's railroad passed, and wandered upon the said track at a point in the plaintiff's cornfield where said road was not fenced, and where there were no side-tracks, nor highways, nor streets, nor anything else to prevent the defendant from fencing its said road, and when upon said railroad track at said point in said open cornfield where it was not fenced, one of the defendant's passing locomotives and trains ran upon and against said cow, and so maimed and crippled her as to render her entirely worthless. Before she was so injured, she was reasonably worth fifty-five (55) dollars.

"We further find that on the same night another of the plaintiff's cows, without his fault, broke through his pasture fence, in which he had her safely confined, and the night being so dark, the plaintiff, after diligent searching, was unable to find her that night, and during the night she went upon defendant's track at a point where the same crosses a public highway, and while upon said crossing the defendant's train passed, and without sounding any whistle before reaching

said crossing, or making any attempt to frighten said cow from said crossing, passed by at a high rate of speed, and in so doing purposely, and by reason of not sounding any alarm, ran over said cow with its locomotive, in said county, and killed her. Had the whistle been sounded before reaching said crossing, or the speed of the train slackened, said cow would not, in our judgment, have been killed, but the killing was caused by the defendant's servants in charge of its train, wilfully and purposely, negligently failing and refusing to give any signals on approaching said crossing. The cow so killed was of the value of sixty dollars. If, upon the foregoing facts, the law be with the plaintiff, then we find for the plaintiff, and assess his damages at $115; but if the law be with the defendant, then we find for the defendant. If the law be for the plaintiff in relation to the cow injured in the cornfield, and for the defendant as to the cow killed at the crossing, then we find for the plaintiff, and assess his damages at fifty-five (55) dollars.

                    "JOHN F. WHITE, *Foreman.*"

Upon the return of the jury with their special verdict, and before the discharge of the jury, the defendant objected to the verdict, and moved the court to send the jury back to consider further of their verdict, for the reasons :

*First.* That the verdict did not find facts sufficient to base a judgment upon.

*Second.* That the verdict did not find all the material facts in issue.

*Third.* That the verdict did not find facts in issue, but found conclusions of law.

*Fourth.* That the facts found in the verdict were evidential, and not ultimate facts.

*Fifth.* That the verdict found defendant to have been negligent only as conclusions of law, and did not find the facts from which the court could determine the question of negligence.

*Sixth.* That the verdict finds the plaintiff to have been

The Louisville, New Albany and Chicago Railway Company *v.* Green.

free from contributory negligence as a conclusion of law without finding the facts in regard thereto.

The court overruled this motion, to which defendant excepted, and, over defendant's objection and exception, discharged the jury, which action and ruling of the court is duly presented by a bill of exceptions.

The defendant filed a motion to strike out certain specific parts of the special verdict, which was overruled, and the question on the ruling is saved by bill of exceptions.

After the motion to strike out parts of the verdict, the defendant filed its motion for a *venire de novo.* After the overruling of the motion for a *venire de novo,* defendant filed his motion for a new trial, which was overruled, and exceptions reserved. The defendant then filed a motion for judgment in its favor on the special verdict found by the jury. This motion being overruled, the defendant then moved for judgment in its favor upon the special verdict as to the injury, loss, and damage to the plaintiff by reason of the killing of that one of the plaintiff's cows found to have been struck upon a public road crossing, and moves the court to find and render judgment for the defendant in so far as the value of said cow is concerned, which motion was overruled, and exceptions taken, and, on the motion of the plaintiff, the court rendered judgment in favor of the plaintiff on the special verdict for $115 and costs.

The assignments of errors are :

1st. The overruling of the demurrer to the third paragraph of amended complaint.

2d. That neither the second nor third paragraphs of the amended complaint states facts sufficient to constitute a cause of action.

3d. That the court erred in overruling appellant's motion to require the jury to consider further of the special verdict, and erred in discharging the jury over appellant's objection.

4th. That the court erred in overruling appellant's motion for a *venire de novo.*

The Louisville, New Albany and Chicago Railway Company v. Green.

5th. That the court erred in overruling appellant's motion to strike out the conclusions of law and findings of evidence from the special verdict.

6th. That the court erred in overruling appellant's motion for a new trial.

7th. That the court erred in overruling appellant's motion for judgment in its favor on the special verdict.

8th. That the court erred in overruling appellant's motion for judgment in its favor on the special verdict as to the cow killed on the crossing.

9th. That the court erred in sustaining appellee's motion for judgment on the verdict, and erred in rendering judgment thereon.

No question is discussed as to the insufficiency of either paragraph of complaint, and no objection is pointed out to either paragraph, and, therefore, the two first errors assigned are waived, and we do not consider them.

The third assignment of error presents no question. The refusal of the court to send the jury back to consider further, for the reasons stated in the motion of appellant, and the discharging of the jury over appellant's objection, are matters which must be presented by a motion for a new trial. The object sought by the appellant is to question the rulings of the court in overruling its motion to require the jury to be sent back and consider further of their verdict, and in overruling its objection to the discharge of the jury, and if the rulings were erroneous they constituted error of law occurring at the trial, and to present any question as to such ruling, the ruling must be assigned as error in the motion for a new trial. The trial continues until the rendition of the verdict by the jury. See " Trial," 2 Rapalje and Lawrence Law Dictionary, and 2 Bouvier Law Dictionary.

In passing upon this question, as we have, we do not intend to hold that it is proper practice, in a case wherein a special verdict is requested, for the court, on motion, to send the jury back after they have returned a verdict to consider

further or to find further·facts not included in the special verdict. In the case of *Indiana, etc.,· R. W. Co.* v. *Finnell,* 116 Ind. 414, the court says : " It is well settled in .this State, that it is the office of a special verdict to find the facts, and not the evidence or conclusions of law. It is, also, as well settled, that it does not follow that because a special verdict may contain evidence, conclusions of law, facts without the issues, or fails to find facts proven, a motion for a *venire de novo* must be sustained. Matters thus improperly found will be disregarded. But if, stripped of those matters, the verdict is yet sufficient to lead to and support a judgment either way under the issue as made by the pleadings, a motion for a *venire de novo* will be overruled. If such a verdict fails to find facts established by the evidence, or finds facts not established by the evidence, the remedy is by a motion for a new trial, and not by a motion for a *venire de novo.*" Governed by this rule there was clearly no error in overruling the motion for a *venire de novo,* as the facts found show the appellee entitled to recover a judgment for the value of one cow.

The fifth assignment of error is not discussed, and hence we do not consider it.

We pass the sixth and seventh assignments of error, and next consider the eighth assignment of error, which presents the question as to the sufficiency of the verdict. Before the rendition of the judgment on the verdict in favor of the appellee, the appellant moved the court for judgment in its favor on the special verdict as to the cow killed on the highway crossing, and the court overruled· the motion. This was a proper motion. The two causes of action were clearly distinct, and if the facts found in the special verdict entitled the appellee to a judgment in its favor upon the one cause of action, the motion should have been sustained. *Johnson* v. *Culver,* 116 Ind. 278.

The facts found in the special verdict relating to the cow killed upon the highway crossing we think may be stated as

The Louisville, New Albany and Chicago Railway Company *v.* Green.

follows: That plaintiff's cow, without his fault, broke through his pasture fence in the night-time ; that the fence was a safe one, and plaintiff made diligent search and was unable, by reason of the darkness of the night, to find her, and during the same night she entered upon the defendant's track at a point where the same crosses a public highway, and while the cow was upon the said crossing, defendant's train passed said crossing at a high rate of speed without sounding any whistle before reaching said crossing, and the locomotive ran over said cow and killed her. These constitute the material facts found.

There are some epithets and some conclusions stated in the verdict, but they must be excluded in determining the sufficiency of the verdict. It is also stated that the defendant made no attempt to frighten said cow from said crossing, but there is no finding of facts that the employees running the train saw the cow or knew she was upon the crossing, and if they did not see her or know she was upon the crossing, they were not required to make any attempt to frighten her off the track.

It is very doubtful whether the appellant has a right to recover for this cow in any event, in view of the fact that the cow was at large upon the highway, the plaintiff being required to keep his cattle upon his own land ; and the question is presented as to whether or not the cow was not trespassing, even if she escaped without appellant's fault ; and if so, whether there can be a recovery even if appellee's negligence caused the injury ; but in view of the theory we take of the question presented by the motion, we deem it unnecessary to decide whether this would defeat a recovery or not.

The appellee seeks to recover in this case by reason of the omission of the engineer and persons in charge of the train to comply with the requirements of the statute in sounding the whistle before crossing the highway. Section 4020, R. S. 1881, makes it the duty of engineers running engines upon railroads, upon approaching a highway crossing, to

sound the whistle three times at a distance of not more than one hundred and not less than eighty rods from such crossing, and to continuously ring the bell from that time until such engine has passed such crossing.

Thus the engineer is required to sound the whistle distinctly three times between eighty and one hundred rods from the highway crossing, and continuously ring the bell from a distance of eighty rods before reaching the crossing until his engine has passed over the crossing.

Section 4021 makes the engineer liable to the State for failure to comply with the provision of section 4020; it also provides that " the company in whose employ such engineer or person may be, as well as the person himself, shall be liable in damages to any person or his representatives who may be injured in property or person, or to any corporation that may be injured in property, by the neglect or failure of such engineer or other person as aforesaid."

There is no fact found in the verdict to show the employees had any knowledge of the cow being upon the crossing, and the fast rate of speed of itself constituted no negligence ; it does not appear that the train was running at any unlawful rate of speed, and the only negligence, if any, with which the employees of the appellee are chargeable is omitting to sound the whistle, and unless from the facts found the conclusion can be drawn that the death of the cow was caused by reason of the fact that the whistle was not sounded, there can be no recovery, for the statute expressly provides that the liability is for property injured by reason of the reason of the failure to sound the whistle and ring the bell.

It is the well settled rule that if the finding or verdict is silent upon a material point, on that point it is against the party having the burden. *Dennis* v. *Louisville, etc., R. W. Co.*, 116 Ind. 42.

In the absence of a finding of a fact to the contrary, the presumption is that the engineer in charge of the train discharged his duties, and sounded the whistle and rang the bell.

The Louisville, New Albany and Chicago Railway Company *v.* Green.

as the statute required.   The jury found as a fact that he did not sound the whistle, but the verdict is silent as to whether or not he rang the bell, and being silent as to that fact, we are to pass upon the question as if that fact was found in the verdict in the affirmative.   With this omitted fact supplied, as the law supplies it, the question presented is, whether we can draw the conclusion that the death of the cow killed upon the highway crossing was caused by the neglect of the engineer to sound the whistle.   In order to entitle the appellee to judgment for the value of this cow, the inference must be drawn that the cow remained on the track notwithstanding the noise of the approaching train, the ringing of the bell, and the shining head-light of the engine coming at a rapid rate of speed towards her, but if the whistle had been sounded she would have left the track and avoided instant death.   We do not think this conclusion can be drawn from the facts found in the special verdict.   The primary object of the statute is to add to the safety of human life, and to surround it with an additional safeguard by requiring a signal to be given to persons in the vicinity of highway crossings, warning them of an approaching train, that they may heed the warning and avoid danger.   It is manifestly not the primary object or purpose of the statute to require this signal for the purpose of frightening animals which may chance to stray upon the crossing, as the law does not permit cattle to run at large in the highways of the State, and the presumption is that none will be upon the highway ; and if they were, would no doubt be as liable to become frightened at the approaching train as by the signals required.   While upon the contrary, persons with vehicles and driving animals are rightfully upon the highway, and it is to be presumed if a signal is given they will avoid danger.

The court erred in overruling appellant's motion for judgment in its favor for the cow killed on the highway crossing.

The question is presented on the overruling of the motion for new trial as to the sufficiency of the evidence, but there

is sufficient evidence to support the verdict as to the one cow described in the first part of the verdict. There are also some questions presented as to the ruling of the court on the admission of evidence. We have examined them, and do not think there is any error in the admission of evidence for which the judgment should be reversed.

It is also contended that the court erred in some of its instructions given to the jury, but the instructions which it is contended are erroneous relate to the liability for the cow killed upon the highway crossing, and taking the view we have as to the liability of the appellant for this cow, it is unnecessary to pass upon the question as to the instructions.

For the error committed in the overruling of appellant's motion for judgment in its favor for the cow killed on the highway crossing, the judgment must be reversed.

Judgment reversed, at costs of appellee, with instructions to the court below to sustain appellant's motion for judgment in its favor for the cow killed upon the highway crossing, and to render judgment in favor of appellee for the damage done to the cow described in the record as injured upon the track where the same was not fenced.

