Filed May 26, 1891.

---

### No. 30.

### THE LAKE SHORE AND MICHIGAN SOUTHERN RAILWAY COMPANY *v.* VAN AUKEN.

SET-OFF.—*Torts.—Counter-Claim.*—" *Transaction.*"—An independent tort can not be made a defence against another tort, either by way of set-off or counter-claim. The word "transaction," as used in the code, is not a synonyme for occurrence or accident.

RAILROAD.—*Killing Stock.—Counter-Claim.*—In an action for killing stock at a public crossing, when the negligence is alleged to have been a failure to blow the whistle and ring the bell, the defendant can not set up by counter-claim that the plaintiff negligently permitted his stock to stray upon such crossing and that the collision damaged its locomotive.

SAME.—*Failure to Blow Whistle at Public Crossing.*—If an animal is killed at a public crossing by reason of a failure or neglect to blow the whistle or ring the bell, as required by statute, the company is liable; but the omission to give these signals will not authorize the rendition of a judgment against the company, unless the facts found show that the killing was caused by the failure to give them as required by the statute.

SAME.—*Special Verdict.—Injury at Crossing.*—In an action against a railroad company for negligently killing an animal on a public crossing. because of its failure to blow the whistle or ring the bell, the special verdict must show that the animal was on or at the crossing when killed.

APPEAL.—*Railroad Killing Stock.—Amount in Controversy.—Counter-Claim.*—Although, in an action of tort, the amount of the judgment in favor

The Lake Shore and Michigan Southern Railway Company v. Van Auken.

of the plaintiff is less than fifty dollars, yet if the defendant pleads a counter-claim demanding a judgment for more than that amount. although such counter-claim can not be allowed in such a case, the Appellate Court has jurisdiction of the cause, on an appeal by the defendant.

From the Steuben Circuit Court.

*J. H. Baker* and *F. E. Baker*, for appellant.

*G. B. Adams* and *F. S. Roby*, for appellee.

New, J.—This action originated before a justice of the peace. The complaint was to recover fifty dollars for the killing of a cow by the appellant's engine and cars on its railroad track, in Steuben county, Indiana. The case was appealed to the circuit court, and there the complaint was so amended as to be a cause of action for the killing of the appellee's cow at a certain crossing because of the negligent failure of the engineer to sound the whistle and ring the bell as required by law while approaching said crossing.

The appellant's answer was in two paragraphs. The first was a general denial. The second was a counter-claim, to which a demurrer was sustained, and exception taken. There was a trial by jury, who, under instructions, returned a special verdict. The appellant moved for a *venire de novo*, which motion was overruled, and exception taken.

The appellant then moved for judgment in its favor upon the special verdict, which motion was overruled, and exception taken. The appellee then moved for judgment in his favor upon the special verdict, which motion was sustained, judgment rendered for the appellee in the sum of forty dollars and costs, and the appellant excepted.

On this record the appellee has assigned errors as follows :

1st. The sustaining of the demurrer to the counter-claim.

2d. The overruling of the appellant's motion for a *venire de novo*.

3d. The overruling of the appellant's motion for judgment on the special verdict, and the sustaining of the appellee's motion for judgment on the special verdict.

4th. That the amended complaint does not state facts sufficient to constitute a cause of action.

We think the demurrer to the counter-claim was correctly sustained.

In the counter-claim it is averred that the appellee negligently permitted said cow to wander without right on to the appellant's railroad track, and was thus on said track in the night-time, when it was dark, when, without the appellant's fault, said cow was run upon and killed by the engine attached to said train of cars; that thereby said engine was so injured that appellant lost the use of it for one week, and was put to an expense of $25 in repairing it, and that $10 per day is the reasonable value of the use of said engine.

The general rule is that tort can not be made to constitute a defence, either by way of set-off, or counter-claim. *Lovejoy* v. *Robinson*, 8 Ind. 399; *Shelly* v. *Vanarsdoll*, 23 Ind. 543; *Terre Haute, etc., R. R. Co.* v. *Pierce*, 95 Ind. 496; *Avery* v. *Dougherty*, 102 Ind. 443.

In the case of *Terre Haute, etc., R. R. Co.* v. *Pierce, supra*, the appellee's cause of action, in one paragraph of his complaint, was based upon the negligence of the appellant in killing a horse belonging to the appellee.

The appellant's defence, as set forth in its counter-claim, to that paragraph of the complaint, was founded upon the negligence of the appellee in suffering his horse to run at large, and stray upon the appellant's railroad track, so that it was struck and killed by the appellant's locomotive, and the latter thereby thrown from the track, together with several loaded freight cars, to the appellant's damage, etc.

The court in that case says: " We do not think the cause of action set forth in the counter-claim was a matter arising out of, or connected with, the appellee's cause of action. The appellee's cause of action, as stated in two paragraphs of his complaint, grew out of the appellant's failure to fence its railroad where the animal entered and was killed. His cause of action, as stated in the other paragraph of his com-

plaint, was based upon the appellant's negligence in killing the animal. The appellant's cause of action, or crossdemand, set forth in its counter-claim, was based upon the appellee's negligence in suffering his horse to run at large, whereby said horse strayed upon the appellant's railroad, causing to the latter the injury for which compensation is claimed in the counter-claim. It is too apparent for controversy, that the appellee's negligence in permitting his horse to run at large, did not grow out of, and had no connection with, the appellant's failure to fence its road, nor with its negligence in running its locomotive and cars over and killing the appellee's horse. The respective acts of negligence complained of had no connection with or relation to each other."

What is here said applies to the case at bar. If the cow was killed because of the negligence of the appellant, that was one tort, while if the cow, because of the negligence of the appellee, wandered on to the railroad track at a point where she had no right to be, that would be another and different tort.

The appellee's wrong might defeat his recovery as contributory negligence, and yet the appellant be guilty of negligence in fact.

It is settled, upon sound principle, that an independent tort can not be made a defence against another tort, either by way of set-off or counter-claim. The decisions are harmonious, and they are right. *Keller* v. *B. F. Goodrich Co.*, 117 Ind. 556.

The appellant's counsel maintain that a construction too narrow has heretofore been given to the statute on the subject of counter-claim. They call attention to the fact that the word "transaction" occurs in section 351 of the code, and say if that section and section 350 are construed to-. gether the counter-claim here set up must be held to be good.

We can not adopt this view. The word "transaction,"

as found in section 351 of the code, in our opinion, is not used as a synonyme for occurrence or accident. The word "transaction," as ordinarily employed, is understood to mean the doing or performing of some matter of business between two or more persons. It is from the Latin *trans* and *ago* (to carry on).   2 Bouvier Law Dictionary, p. 743.

It is suggested that the court, in the case of *Terre Haute, etc., R. R.* v. *Pierce, supra,* may have overlooked section 351 relating to counter-claim, and in which the word "transaction" is found.   We hardly think so.   The court, in that opinion, refers to the case of *Judah* v. *Trustees, etc.,* 16 Ind. 56, using the following language :

"It will be noticed that the cause of action stated in the complaint, and the matter set up in the counter-claim, both related to and grew out of the same transaction, or contract," etc.

The demurrer to the matter pleaded as counter-claim by the appellant was properly sustained.

Perhaps this is the most appropriate point in this opinion to pass upon a motion which has been filed by the appellee to dismiss the appeal.   The ground upon which the motion rests is that if the appellant's counter-claim can not be entertained nor allowed in this action, the sum demanded in the counter-claim can not be considered in determining the amount in controversy ;  and that inasmuch as the case originated before a justice of the peace, and the appellee is content with the judgment for forty dollars which he obtained in the circuit court, that should be regarded as the amount in controversy under section 632 of the code.

Under this statute an appeal will not lie from a judgment rendered in the circuit court in an action originating before a justice of the peace, unless the amount in controversy, exclusive of interest and costs, exceeds fifty dollars.

The amount in controversy in the present case exceeds fifty dollars.   The sum named in the counter-claim itself is more than fifty dollars.   That, and the forty dollars for

which the appellee obtained judgment, are in controversy, although the counter-claim can not be allowed. As to the counter-claim, it is not alone in controversy whether the amount therein claimed as damages can be established by the evidence; but it is also in controversy whether the matter pleaded as counter-claim can, under the law and practice, be entertained or considered at all as a defence to the plaintiff's complaint.

The motion to dismiss the appeal is overruled.

The second error assigned is the overruling of the appellant's motion for a *venire de novo*.

The court did not err in overruling this motion. The special finding was not defective in form. *Bowen* v. *Swander*, 121 Ind. 164; *Hamilton* v. *Byram*, 122 Ind. 283.

The third assignment of error is the overruling of the appellant's motion for judgment on the special verdict, and the sustaining of the appellee's motion for judgment on the special verdict.

It is alleged in the complaint that at the time the cow was killed the appellee's son, about fourteen years of age, was trying to drive the cow to a pasture, and was obliged to cross the appellant's railroad track; that the appellant had provided for the use of the public a crossing over and across its said track, and that said crossing had been used by the public for many years without objection on the part of the appellant and by its invitation; that said crossing is in the village of Pleasant Lake; that the State road crosses said railroad track about one hundred and twenty-five feet north of the station-house of the appellant, and that said crossing was between the State road and station-house; that said cow, while being driven to pasture by the appellee's son, was at said crossing struck and killed by the appellant's locomotive and cars; that at the time said cow was killed said locomotive and cars were running at a speed of sixty miles an hour; that about one mile north of said station-house and crossing

there is a gravel pit, from which said train was going south at the time the cow was killed; that after leaving said gravel pit no signals of any kind were given by said train before reaching said station, and that the cow was killed because of the negligent failure of the engineer to give the signals required by law as the train approached said crossing.

If the appellant had provided a crossing for the use of the public, as alleged in the complaint, and the cow, while being driven with due care to pasture, was on said crossing, the appellee was not trespassing while so using the crossing. *Palmer* v. *Chicago, etc., R. R. Co.*, 112 Ind. 250. And if the cow, while so on said crossing, was killed by reason of the neglect or failure of the engineer, or other person in charge of the engine, when approaching the crossing, to sound the whistle three times at a distance of not more than one hundred nor less than eighty rods from such crossing, and to ring the bell from that time until such engine had passed the crossing, then the appellant would be liable in damages for the cow so killed. Sections 4020, 4021, R. S. 1881.

The omission, however, to give the signals required by these sections would not create liability, unless, from the facts found, the killing of the cow was by reason of the failure to sound the whistle and ring the bell as required by law. *Louisville, etc., R. W. Co.* v. *Green*, 120 Ind. 367.

It is not shown that the cow was on or at the crossing when killed. This is material, for it is so alleged in the complaint, and without proof of it the appellee fails to show that he was without fault himself. If a special verdict is silent on a material point, on that point it is against the party having the burden. *Louisville, etc., R. W. Co.* v. *Green, supra;* *Dennis* v. *Louisville, etc., R. W. Co.*, 116 Ind. 42.

According to the theory of the complaint, if the cow was killed at some other place than at the crossing she may have been trespassing on the appellant's railroad track when killed.

The Lake Shore and Michigan Southern Railway Company *v.*Van Auken.

The appellee must not only prove the negligence on the part of the railroad company which he avers, but he must show that he was without fault himself.

It is shown by the special verdict that the cow was killed at about 8:30 o'clock, P. M.; that the train was then running at a speed of about forty miles an hour, and that it was then dark; that the whistle was sounded when the engineer saw the cow upon the track, and that the engine was then about one hundred and thirty feet from where the cow was struck. Even if forty miles an hour should be regarded as a negligent rate of speed, which we do not decide, it would not avail the appellee, if his cow was at some other place on the track than at the crossing when killed. The rate of speed in such case would not be material, unless there was something making it evidence of an intentional, or wilful, act. *Palmer* v. *Chicago, etc., R. R. Co., supra.*

We do not think the facts found in the special verdict indicate that there was an intent to kill or injure the cow; or that there was a reckless disregard of consequences in that regard; and, besides, such is not the theory of the complaint.

The theory of the complaint is that the cow was killed at the crossing, where she had a right to be, and that the killing was because of the negligent failure of the engineer to sound the whistle and ring the bell while approaching said crossing, as required by law.

The motion of the appellant for judgment in its favor upon the special verdict should have been sustained.

The fourth assignment of error is that the amended complaint does not state facts sufficient to constitute a cause of action. We think it does state a cause of action.

Judgment reversed, at costs of appellee, with instructions to the court below to sustain the appellant's motion for judgment in its favor on the special verdict.

Filed April 3, 1891; petition for a rehearing overruled June 9, 1891.